NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0294n.06

No. 21-3894

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jul 20, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| ALLEN JOSEPH KAMANN, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, LARSEN, and DAVIS, Circuit Judges.

LARSEN, Circuit Judge. Allen Kamann challenges the substantive reasonableness of his within-Guidelines sentence for receipt and possession of child pornography. We AFFIRM.

I.

Allen Kamann received and shared child pornography through KIK Messenger on his cellphone. After his arrest, a federal grand jury indicted Kamann for one count of receipt and distribution of child pornography and one count of possession of child pornography. Kamann pleaded guilty to both counts and requested a sentence below the Guidelines range of 151 to 188 months. The district court rejected that request, sentencing him to 165 months' imprisonment, followed by lifetime supervised release. Kamann appeals, challenging only the substantive reasonableness of his within-Guidelines sentence.

II.

We review a claim of substantive reasonableness for an abuse of discretion. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* It is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* Because the weighing of the § 3553(a) factors "is a matter of reasoned discretion, not math," we are highly deferential to the district court's sentencing decisions. *Id.* We presume that a sentence within the Guidelines is substantively reasonable. *United States v. Bailey*, 27 F.4th 1210, 1215 (6th Cir. 2022).

Kamann has failed to overcome the presumption of reasonableness. The court listened to and considered the arguments from defense counsel and the government, took testimony from an FBI agent to establish a factual basis for the sentencing enhancements, and heard Kamann's remorse. It acknowledged some criticism that the Guidelines are too harsh in child pornography cases but noted that, ultimately, those were personal opinions and "the Guidelines ha[d] [not] changed." The court recognized Kamann's "very challenging upbringing," explaining that his stepfather "was awful" and that Kamann had "lived in a terrible environment." It also recognized Kamann's mental-health and drug issues. It noted Kamann's request for a downward variance based on these challenges. In addition, the court recognized Kamann's lack of a criminal history, which the court described as "some positive," and his "acceptance of responsibility and [his] cooperation and [his] honesty." At the same time, however, the court recognized the effect of the crimes; the videos and images "go around the world" and "penalize the victims" as "[t]hey are there for a lifetime of people viewing [the] images" and videos. The court explained that was "one of the reasons the sentencing [was] so severe." In the end, a below-Guidelines sentence was not

appropriate when "taking into account the total picture." So the court sentenced Kamann within the Guidelines range. In sum, "[t]he district court properly considered all of the factors, balanced them, and imposed a reasonable sentence." *Rayyan*, 885 F.3d at 443. That is all we ask.

Kamann argues that the district court put too much weight on the sentencing enhancements; in Kamann's view, the judge devoted too much of the sentencing hearing to discussing the enhancements. But the district court was merely explaining why the facts supported the enhancements on its way to calculating the Guidelines range. Kamann also argues that the district court should have put more weight on his personal characteristics and history. The district court, however, acknowledged Kamann's rough childhood and his mental-health and drug issues. Considering the seriousness of the conduct at issue, however, the court concluded that a below-Guidelines sentence was not appropriate. We do not second-guess that decision. *See id.* For these reasons, Kamann has failed to overcome the presumption of reasonableness afforded his within-Guidelines sentence. *See Bailey*, 27 F.4th at 1215.

* * *

We AFFIRM.